NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2962
_____

VICTORIA BEEKS,
                                    Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 07-cv-3781)
District Judge:  Hon. Susan D. Wigenton
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2011

Before:   FISHER, JORDAN and COWEN, *Circuit Judges*.

(Filed April 19, 2011)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

     Victoria Beeks appeals the order of the United States District Court for the District

of New Jersey denying her motion seeking attorney's fees and costs under the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the following reasons, we will affirm.

## I.    Background

On December 10, 2004, Beeks filed a claim for disability insurance benefits and a claim for supplemental security income based on an alleged disability that began on October 1, 2002. Both claims were initially denied on April 22, 2005 and again upon reconsideration on June 9, 2005. On July 12, 2005, Beeks requested a hearing before an Administrative Law Judge ("ALJ") and later testified at a hearing on September 9, 2005.

In an October 17, 2006 decision, the ALJ evaluated Beeks's disability claim using the standard five-step analysis and determined that she was not disabled within the meaning of the Social Security Act.[1] The ALJ concluded that: (1) Beeks had engaged in

---

[1] As established by regulation and precedent, disability claims require the following analytical steps:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. If a claimant is found to be engaged in substantial activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. If the claimant fails to show that her impairments are "severe", she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. The claimant bears the burden of demonstrating an inability to return to her past relevant work.
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production

2

substantial gainful activity since the alleged onset date of her disability[2]; (2) Beeks had

severe impairments, including arthritis, high blood pressure, and asthma; (3) Beeks's

impairments did not meet or medically equal any of the impairments listed in 20 C.F.R.

Part 404, Subpart P, Appendix 1; (4) Beeks had the residual functional capacity to

perform light work; and (5) Beeks was capable of performing past relevant work as a

school aide. Beeks requested review of the ALJ's decision, but was denied by the

Appeals Council on July 27, 2007, making the ALJ's decision the final decision of the

Commissioner of Social Security. Pursuant to section 205(g) of the Social Security Act,

42 U.S.C. § 405(g), Beeks filed a civil action for review of that decision.

The District Court effectively affirmed the decision, concluding that substantial

evidence in the form of medical examination results, medical reports, a medication list,

medical and work history, and Beeks's own testimony supported the finding that Beeks

---

shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled.

*Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999) (citations omitted); *see also* 20 C.F.R. § 404.1520.

[2] In a numbered heading in its opinion, the ALJ indicated that Beeks "ha[d] *not* engaged in substantial gainful activity" since the alleged onset date. (App. at 7 (emphasis added).) However, as the District Court and this Court previously indicated upon review, the ALJ's analysis clearly indicates that the ALJ found the opposite – that Beeks had engaged in substantial gainful activity – and the heading was merely a typographical error. Accordingly, we dismiss without further discussion all of Beeks's arguments predicated on a literal reading of that heading.

was not disabled. On appeal from that decision, we vacated and remanded for further analysis at step one of the disability inquiry. Specifically, we directed remand so that the ALJ could consider whether Beeks's earnings as a school aide after the alleged onset date, which were less than the monthly average for presumed substantial gainful activity under the earnings guidelines in 20 C.F.R. § 404.1574(b) (the "Earnings Guidelines"), affected the conclusion that she had been engaged in substantial gainful activity.[3]

Beeks, having arguably prevailed on appeal, subsequently filed a motion for attorney's fees and costs pursuant to EAJA, which the District Court denied. The District Court concluded that the Social Security Administration was substantially justified in adopting the ALJ's decision, reasoning that, even though the ALJ failed to address Beeks's earnings under the Earnings Guidelines in its step one analysis, the ALJ's analysis covered other relevant factors that gave the step one finding a reasonable basis.

---

[3] The ALJ's failure to consider Beeks's earnings was a significant omission, since, as we noted, "earnings derived from the work activity are generally the primary consideration in evaluating the work for substantial gainful activity purposes." *Beeks v. Comm'r of Soc. Sec.*, 363 F. App'x 895, 896 (3d Cir. 2010). We also noted that the step one analysis can affect the step four analysis, since Beeks's "past relevant work" as a school aide must qualify as "substantial gainful activity," and we sought clarification of whether the ALJ's analyses of steps two through four were done in the alternative or whether the ALJ proceeded past step one only as to the period after Beeks became unemployed. *Id.* at 897-98.

4

## II.    Discussion[4]

Under EAJA, a prevailing party is entitled to attorney's fees and costs unless the government's position was substantially justified or if special circumstances would make the award unjust.  28 U.S.C. § 2412(d)(1)(A).  The Social Security Administration does not dispute that Beeks was a prevailing party under EAJA and does not assert any other circumstances that would make the award unjust, so the only issue is whether the Social Security Administration's position regarding Beeks's substantial gainful activity was substantially justified.

We review a district court's determination of substantial justification under the deferential abuse of discretion standard.  *Morgan v. Perry*, 142 F.3d 670, 682 (3d Cir. 1998).  "An abuse of discretion arises when the district court's decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'"  *Id.* (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993)).

To be substantially justified under EAJA, a position taken by the government must have been "'justified in substance or in the main' – that is, to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  Stated another way, the government's position must have had a "reasonable basis in both law and fact." *Hanover Potato Prods. Inc.*, 989 F.2d at 128.

---

[4] The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  We have jurisdiction pursuant to 28 U.S.C. § 1291.

5

Here, the District Court recognized that the ALJ had not specifically cited the Earnings Guidelines or discussed why Beeks's modest earnings still allowed a finding of substantial gainful activity. The District Court noted, however, that the ALJ did meaningfully analyze other factors relevant to the substantial gainful activity inquiry, including the following: (1) that, despite Beeks's attempt to characterize occasional help from coworkers as an accommodation, she was never afforded formal special accommodations at work; (2) that Beeks did not quit work due to disability but rather was laid off due to funding cuts and continued working after the alleged onset of the disability; (3) that, by collecting unemployment, Beeks had necessarily certified that she was able to work, *see* N.J. STAT. ANN. § 43:21-4(c)(1); and (4) that Beeks's earnings were the same as the unimpaired individuals performing the same occupation, working the same amount of time.

Moreover, the Earnings Guidelines merely set presumptions regarding substantial gainful activity.[5] *See* 20 C.F.R. § 404.1574(a)(1) ("Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity."). Those presumptions may be overcome. *See id.* ("[T]he fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity."). In fact, the regulatory scheme provides that the ALJ "will generally consider

_____

[5] In arguing that the Social Security Administration's reliance on the ALJ's opinion is not substantially justified, Beeks treats the Earnings Guidelines presumptions as threshold requirements. In actuality, however, they are simply presumptions that the Social Security Administration may use "whenever they are appropriate." 20 C.F.R. § 404.1574(a).

other information in addition to [a claimant's] earnings if there is evidence indicating that [a claimant] may be engaging in substantial gainful activity."[6] *Id.* § 404.1574(b)(3)(ii). Because the record here contains such evidence, the ALJ's failure to discuss Beeks's earnings in relation to step one does not render the decision unreasonable, even though it was certainly open to question. Accordingly, it was not an abuse of discretion for the District Court to conclude that the ALJ's decision had a reasonable basis in law and fact and that the Social Security Administration's adoption of it was substantially justified. The District Court did not err, then, in denying Beeks's motion for fees and costs under EAJA.

## III.    Conclusion

For the foregoing reasons, we will affirm the District Court's denial of Beeks's motion for fees and costs under EAJA.

---

[6] Among the additional information permitted to be considered is whether the claimant's work is "comparable to that of unimpaired people in your community who are doing the same or similar occupations," 20 C.F.R. § 404.1574(b)(3)(ii)(A), which the ALJ addressed in its opinion.